UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT SACHS, individually, and on behalf of other aggrieved employees, pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>v.<br><br>PANKOW OPERATING, INC., a California corporation; CHARLES PANKOW BUILDERS, LTD., a California limited partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-08998-AB (ADSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

Before the Court is Plaintiff Kent Sachs's ("Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion"). (Dkt. No. 16). Defendants Pankow Operating, Inc. and Charles Pankow Builders, Ltd. (collectively, "Defendants" or "Pankow") opposed the Motion ("Opp'n"), (Dkt. No. 20), and Plaintiff filed a Reply

1.

("Reply"), (Dkt. No. 21). The Court deemed this matter appropriate for resolution without oral argument and therefore took it under submission on February 10, 2022. For the following reasons, the Court now **DENIES** Plaintiff's Motion.

## I. BACKGROUND

The Court and the parties are familiar with the factual background of this case, due to the fact that these parties are litigating a related case before this Court, (Case No. 2:21-cv-07742-AB-ADS) ("related case," "related action," or "class action"), based on the same set of allegations, (*see* Case No. 2:21-cv-07742-AB-ADS, Dkt. No. 17 at 2). The key difference in the present case is that it is grounded in California Labor Code § 2698, *et seq.*, namely California's Private Attorneys General Act ("PAGA").

"PAGA plaintiffs are private attorneys general who, stepping into the shoes of the [California Labor and Workforce Development Agency ("LWDA")], bring claims on behalf of the state agency," with the aim of, "[vindicating] the public interest in enforcement of California's labor law." *Baumann v. Chase Inv. Services Corp.*, 747 F.d3d 1117, 1123 (9th Cir. 2014). Moreover, "the bulk of any recovery goes to the LWDA, not to aggrieved employees . . . The employee's recovery is thus an incentive to perform a service to the state, not restitution for wrongs done to members of the class." *Id.*

Whereas Plaintiff's class action involves ten causes of action, this case involves a single PAGA claim. That said, Plaintiff's PAGA claim is predicated on the same claims that appear in Plaintiff's class action: (i) failure to pay overtime, (ii) failure to provide meal period, (iii) failure to provide rest periods, (iv) failure to pay minimum wages, (v) failure to timely pay wages upon termination, (vi) failure to timely pay wages during employment, (vii) failure to provide complete and accurate wage statements, (viii) failure to keep complete and accurate payroll records, and (ix) failure to reimburse necessary business-related expenses and costs. (The class action includes

one additional claim, alleging unfair competition). Moreover, these nine underlying claims allege the same statutory violations as are alleged in the class action.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566) ("the court resolves all ambiguity in favor of remand to state court").

According to 28 U.S.C. § 1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, "an action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986).

A motion to remand challenges the propriety of an action's removal to federal court. *See* 28 U.S.C. § 1447(c). This type of motion is "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; [instead, the defendant] must allege the underlying facts supporting each of the requirements

3.

for removal jurisdiction." *Id.* (citing *Gaus*, 980 F.2d at 567).

### III.   DISCUSSION

#### a. LMRA Preemption and the *Burnside* Test

As in Plaintiff's class action, resolution of the instant Motion depends on proper interpretation and application of Section 301(a) of the Labor Management Relations Act ("LMRA"), which states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has said that the preemptive force of this statute is powerful enough to displace state causes of action entirely. *See Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). In other words, a cause of action that arises under § 301 will, upon removal to federal court, become "purely a creature of federal law." *Id.* And this will hold true, even if the cause of action was originally pled under state law and "state law would provide a cause of action in the absence of § 301." *See id.* at 23–4.

In order to determine whether a cause of action is preempted by § 301, the Ninth Circuit follows the two-part *Burnside* test. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). At the first step, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* If the right exists independently of a CBA, then, at the second step, the Court must determine whether the right still "substantially depends" on analyzing the relevant CBA. Where there is substantial dependence, there is preemption by § 301. *See id.* Where the right in

question neither exists solely as a result of the CBA nor substantially depends on analysis of the CBA, the cause of action is not preempted by § 301 and does not arise under federal law. *See id.* In such cases, it is proper for the Court to remand the cause of action to state court.

### b. Predicate Claim Jurisdiction and PAGA Claim Jurisdiction

The Court has already stated that it has jurisdiction over the claims that Plaintiff has brought in his related class action. Since these are the same claims on which Plaintiff's PAGA action is predicated, it would appear that the Court has jurisdiction over Plaintiff's PAGA action as well. *See Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV-20-00309-JVS-JDEx, 2020 WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020).

Plaintiff nevertheless argues that his PAGA action should be remanded to state court, in part because Cal. Lab. Code § 514 does not apply to the PAGA action's first two underlying claims (alleging failure to pay overtime and failure to provide meal periods). (Motion at 8–9; Reply at 3–6). If Plaintiff is right, the Court must not only approach this case differently than it approached the related case; it must also reconsider its decision in the related case. After all, Plaintiff's argument implies that the Court misinterpreted Cal. Lab. Code § 514 in the related case. Therefore, it is important that the Court address Plaintiff's view concerning the proper interpretation of § 514, as well as the proper application of § 514 to the present case.

### c. Interpreting and Applying Cal. Lab. Code § 514

The first claim underlying Plaintiff's PAGA claim alleges that Defendants failed to compensate Plaintiff for overtime work. (Dkt. No. 1-1, ¶ 54). Plaintiff's first underlying claim is based on two parts of the California Labor Code: § 510 and § 1198. Both of these provisions must be understood in light of Cal. Lab. Code § 514, which states:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for

5.

> the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Although § 514 only expressly refers to §§ 510 and 511, it also qualifies § 1198.[1] Therefore, if the conditions set out in § 514 apply to Plaintiff, then Plaintiff's argument against preemption of the first underlying claim will fail.

Plaintiff's argument against preemption is based on *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005), which states that, "[a] claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted [by § 301], even if a grievance arising from precisely the same set of facts could be pursued." 410 F.3d at 1076 (cleaned up). Plaintiff's view is that the first underlying claim is not preempted because it is based on a state-law right, i.e. the right provided by § 510 and § 1198, and that this right is independent of any similar rights Plaintiff may have had under the Collective Bargaining Agreement ("CBA") governing his employment. (*See* Motion at 6).

However, if the conditions in § 514 apply to Plaintiff, then the state-law right provided by § 510 and § 1198 does not extend to Plaintiff; rather, Plaintiff's right to overtime compensation would exist solely as a result of the applicable CBA. This would then open the door to § 301 preemption of Plaintiff's first underlying claim,

---

[1] As the Court explained in the related case, § 1198 states that the Industrial Welfare Commission ("IWC") shall fix "[t]he maximum hours of work and the standard conditions of labor," by means of an order, and that violations of the order are prohibited as "unlawful." The relevant order is IWC Order No. 16-2001 ("Wage Order"). The Division of Labor Standards Enforcement has clarified that this Order applies to carpenters, *see Which IWC Order? Classifications*, California Department of Industrial Relations, https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf at 30, 35, and Plaintiff worked for Pankow as a carpenter, (Dkt. No. 1, ¶ 2; Opp'n at 2). Section 3 of the Wage Order is entitled "Hours and Days of Work," and Subsections 3(A), 3(B), and 3(D) concern overtime work and overtime rates of pay. 3(H)(1), however, says that the above subsections "shall not apply to any employee covered by a valid collective bargaining agreement" and then defines a valid CBA using the exact language of Cal. Lab. Code § 514. Moreover, it expressly refers to § 514.

6.

and the Court would have jurisdiction over it. And since the Court would have jurisdiction over at least one of the claims underlying Plaintiff's PAGA claim, then it would be permissible for Plaintiff's PAGA claim to remain before the Court. *See Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV-20-00309-JVS-JDEx, 2020 WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020). Therefore, the Court's decision on Plaintiff's Motion depends on its interpretation and application of Cal. Lab. Code § 514.

Again, § 514 states the following:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

The statute says that § 510 will not apply to an employee, so long as three conditions are met. The first condition is that the employee is covered by a valid collective bargaining agreement. That condition is met here, since Plaintiff's employment was covered by a valid CBA. (*See* Dkt. No. 4-2). The second condition is that the agreement must expressly provide for the wages, hours of work, and working conditions of the employees. That condition is also met, since the CBA clearly provides for these things. (*See id.* at 27–32, 37–44, 46–54). Finally, the third condition is that the CBA must provide "premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." As to the first part of the condition, the CBA clearly provides premium wage rates for all overtime hours worked. (*See* Dkt. No. 4-2 at 53, ¶ 1805). The second part of the condition is where the dispute between the parties truly lies and also the point at which Plaintiff disputes the Court's standing interpretation of § 514.

7.

The Court and the parties agree that this part of the third condition requires a regular hourly rate of pay that is at least 30 percent greater than the state minimum wage. The core question, however, is this: to whom does this requirement apply? Does it apply (a) solely to the individual employee in question, the one identified at the beginning of § 514, (b) to all employees covered by the relevant CBA, or (c) to some other group, including more employees than just the one individual but fewer than all the employees covered by the CBA?

In Plaintiff's class action, the Court adopted the latter view, namely that this requirement applies to employees of Plaintiff's classification, employees who, like Plaintiff, count as Journeyman Carpenters. (Case No. 2:21-cv-07742-AB-ADS, Dkt. No. 17 at 6). However, the Court now acknowledges that the second view, on which the requirement applies to *all* of the employees covered by the relevant CBA, is a reasonable view and has been adopted by others, as Plaintiff notes in his papers. Most notably, this view has been espoused in *Sarmiento v. Sealy, Inc.*, No. 18-CV-01990-JST, 2019 WL 3059932, at *9 (N.D. Cal. July 12, 2019), and *Huffman v. Pacific Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *4–6 (N.D. Cal. June 21, 2019). The Court considers each of these in turn.

The *Huffman* court argues that § 514's plain language indicates that the statute's requirements apply to all of the employees covered by the CBA in question, on the basis that "[t]he plural term 'those employees' refers back [to] the statute's earlier use of 'the employees' which, as discussed above, means all employees covered by the CBA." *Huffman*, 2019 WL 2563133 at *5. However, the *Huffman* court's prior discussion of the term "the employees" is not so much a discussion as an assertion that the term refers to all of the employees covered by the CBA. *See id.* Beyond its plain language analysis, the *Huffman* court argues that other authorities support its interpretation, though it acknowledges that none of these authorities directly address the disputed question. *See id.* at *6. In fact, these authorities can be read to fit either the *Huffman* court's view or

this Court's view. *See Curties v. Irwin Industries Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019). *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014).

As for the *Sarmiento* court, it points to the *Huffman* court's conclusion, and then provides a policy argument for the view that § 514 applies on a CBA-by-CBA basis, rather than on an employee-by-employee basis. *See Sarmiento v. Sealy, Inc.*, 2019 WL 3059932 at *9. Although the court's arguments have merit, it is not evident that they apply to this Court's reading of § 514, namely that the plural terms "the employees" and "those employees" refer not to *all* of the employees covered by a CBA but to all employees within the same classification as the employee bringing the action. Moreover, other than its reference to *Huffman*, the *Sarmiento* court's policy argument is not grounded in prior authority, let alone the type of authority that would bind this Court in its interpretation of § 514.

The CBA governing Plaintiff's employment provides that Journeyman Carpenters are entitled to an hourly wage rate of $40.40. This rate clearly meets the description "not less than 30 percent more than the state minimum wage," given (i) that Plaintiff's action concerns the period from June 2017 to June 2020, (Dkt. No. 1-1, ¶ 21), (ii) that the minimum hourly wage in California for that period (for employers with 26 or more employees) began at $10.50 and peaked at $13.00, and (iii) that 30% greater than $13.00 is $16.90.[2] $40.40 is more than two times $16.90. Moreover, the CBA's hourly rate of pay for Journeyman Carpenters is equal to the lowest rate of pay among non-apprentice employees covered by the CBA, with the exception of a small number of non-primary employees like "yardmen" and "firestop technicians." (Dkt. No. 4-2 at 97–98). Moreover, even most apprentices are paid at a rate that satisfies § 514's

---

[2] Note that the Court's analysis in the related class action mistakenly used the 2021 minimum wage rate of $14.00, rather than the rates that applied during the time of Plaintiff's employment. That mistake is corrected here.

9.

requirement, and apprentices who meet a minimum-hours-worked requirement automatically advance to a higher, qualifying rate of pay. (*See id.* at 47–48).

In other words, the vast majority of employee-categories in the CBA are assigned hourly rates of pay that greatly exceed § 514's requirement. The Court cannot accept the view that § 514 should not apply to Plaintiff and his fellow employees, when the only argument for the view is that a fraction of those covered by the CBA, namely some Pre-Apprentices, 1st Period Apprentices, and a few non-Carpenters, may have temporarily been paid at a rate that barely missed § 514's requirement (and may not have missed it at all when the state's minimum hourly wage was as low as $10.50). In the Court's judgment, § 514 should be interpreted to apply to Plaintiff and the other employees in his employment classification. Plaintiff's hourly rate far exceeded § 514's requirement, so § 514 applied to him. Moreover, since Plaintiff's PAGA action also concerns an unidentified set of aggrieved fellow employees, the Court notes that the hourly rate of the vast majority of Plaintiff's fellow Carpenters (including most apprentices) also greatly exceeded § 514's requirement. For this reason, the Court affirms its prior interpretation of § 514, its application of it to Plaintiff, and its application of it to the unidentified aggrieved employees Plaintiff purports to represent in his PAGA action.

## IV. CONCLUSION

Given that the language of § 514 applies to Plaintiff, his first underlying claim is subject to preemption by § 301 of the LMRA. Moreover, since the same language applies to Plaintiff's second underlying claim, that claim is also subject to federal preemption. (*See* Case No. 2:21-cv-07742-AB-ADS, Dkt. No. 17 at 8–9). Since the Court has jurisdiction over these two underlying claims, it holds that it also has jurisdiction over Plaintiff's PAGA claim. Moreover, the Court deems it proper to adjudicate the remaining seven underlying claims, since the Court has already chosen

10.

to exercise supplemental jurisdiction over the corresponding causes of action in Plaintiff's related case.

For the foregoing reasons, the Court now **DENIES** Plaintiff's Motion to Remand. Plaintiff's PAGA action will remain before this Court.

**IT IS SO ORDERED.**

Dated: February 16, 2022

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE